IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| PETE GUTIERREZ, | § | |
|     Petitioner, | § | |
| | § | |
| V. | § | A-06-CA-917-SS |
| | § | |
| NATHANIEL QUARTERMAN, | § | |
| Director, Texas Dept. of Criminal Justice- | § | |
| Correctional Institutions | § | |
| Division, | § | |
|     Respondent. | § | |

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

To:    The Honorable Sam Sparks, United States District Judge

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

Before the Court are Petitioner's Application for Habeas Corpus Relief under 28 U.S.C. § 2254 (Document 1); Respondent's Motion to Dismiss Pursuant to 28 U.S.C. § 2244(d) (Document 13); and Petitioner's Response thereto (Document 15). Petitioner, proceeding pro se, has paid the appropriate filing fee. For the reasons set forth below, the undersigned finds that Petitioner's application for writ of habeas corpus should be dismissed.

### I.  STATEMENT OF THE CASE

**A.**    **Petitioner's Criminal History**

According to Respondent, the Director has lawful and valid custody of Petitioner pursuant to a judgment and sentence of the 331st Judicial District Court of Travis County, Texas, in cause

number 995317, styled <u>The State of Texas v. Pedro Edwardo Gutierrez Alias Pete Gutierrez</u>. Petitioner was charged with murder to which he entered a plea of not guilty. The jury found Petitioner guilty as charged, and on February 16, 2001, the jury assessed punishment at 50 years in prison and a fine of $10,000.00.

Petitioner's conviction was affirmed by the Third Court of Appeals in Austin on August 30, 2002. <u>Gutierrez v. State</u>, 85 S.W.3d 446 (Tex. App. – Austin 2002). A motion for rehearing was overruled on October 3, 2002.

On March 19, 2003, Petitioner filed a state application for habeas corpus relief, seeking an out-of-time petition for discretionary review. <u>Ex parte Gutierrez</u>, No. 56,526-01. The Texas Court of Criminal Appeals granted relief on September 10, 2003, providing Petitioner an out-of-time PDR. <u>Ex parte Gutierrez</u>, No. 74,745. Petitioner filed his PDR on January 2, 2004. It was refused by the Court of Criminal Appeals on March 24, 2004. <u>Gutierrez v. State</u>, No. 1664-03. Petitioner then filed a petition for writ of certiorari with the Supreme Court. The petition was denied on May 16, 2005. <u>Gutierrez v. Texas</u>, 544 U.S. 1034 (2005).

Petitioner filed his second state application for habeas corpus relief on April 27, 2006. <u>Ex parte Gutierrez</u>, No. 56,526-02. The Court of Criminal Appeals denied the application without written order on October 25, 2006.

**B.     Petitioner's Grounds for Relief**

Petitioner raises the following grounds for relief:

1. He was denied effective assistance of counsel when trial counsel failed to: (a) move for a continuance after trial started when <u>Brady</u> material was disclosed and (b) adequately investigate, interview and subpoena material defense witnesses;

2. He was denied effective assistance of counsel on appeal when counsel failed to: (a) adequately investigate, interview and subpoena material defense witnesses in support of the motion for new trial; (b) raise a confrontation objection regarding the cross-examination of a state's witness, Paul Davies, regarding the deceased's prior bad acts of violence; and (c) raise a conflict of interest issue;

3. There was a conflict of interest when the prosecutor, after being disqualified, was allowed to assist the assistant prosecutor and give closing argument;

4. The trial court erred: (a) in denying the motion for new trial; (b) allowing the State to present police narrative hearsay regarding two alleged eye witnesses (Yadira Gutierrez and Roberto Ellis) who were not called to testify; (c) by allowing the State, over objection, to introduce extraneous offenses and bad acts into evidence and not giving a limiting instruction to the jury in the charge after requested by defense; (d) refusing to allow counsel to raise self-defense by not permitting the introduction of extraneous offense evidence; and

5. The prosecutor suppressed exculpatory impeachment evidence.

**C.     Exhaustion of State Court Remedies**

Respondent does not concede that Petitioner has exhausted his state court remedies regarding the claims brought in this application. Rather Respondent reserves the right to address the exhaustion issue should his request to dismiss as time-barred be denied.

## II.  DISCUSSION AND ANALYSIS

**A.     The Antiterrorism and Effective Death Penalty Act of 1996**

On April 24, 1996, the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996 ["AEDPA"]. The AEDPA amended 28 U.S.C. § 2244 to provide a statute of limitations for applications for habeas corpus relief filed pursuant to 28 U.S.C. § 2254. That section provides, in relevant part:

> (d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

**B.     Application**

Petitioner's conviction became final, at the latest, on November 2, 2002, at the conclusion of time during which he could have filed a petition for discretionary review with the Texas Court of Criminal Appeals. Roberts v. Cockrell, 319 F.3d 690, 694 (5th Cir. 2003) ("The one-year limitations period began to run . . . when the 30-day period for filing a petition for discretionary review in state court ended."). The fact that Petitioner was granted permission to file an out-of-time PDR has no effect on the date on which the limitations period began.

The Fifth Circuit Court of Appeals addressed this issue in Salinas v. Dretke, 354 F.3d 425 (5th Cir. 2004). Salinas's attorney failed to advise him that his conviction had been affirmed and that the attorney's court-appointed duty to represent him was terminated until seven months after the conviction had been affirmed. Id. at 427. Salinas filed a PDR and a motion for extension of time shortly thereafter, but his PDR was dismissed as time-barred. Id. He then filed a state application for habeas corpus relief, arguing in part that his appellate counsel failed to advise him timely of his

right to file a PDR pro se. Id. Inexplicably, the Texas Court of Criminal Appeals denied his state application for habeas corpus relief. Id.

Salinas then filed a federal application for habeas corpus relief, which was dismissed as time-barred on November 18, 2002. Id. at 428. That same day Salinas mailed a motion to the district court informing it that the Court of Criminal Appeals, acting on its own motion on October 30, 2002, reconsidered the state petition and decided to award Salinas the right to file an out-of-time PDR. Id. As such, Salinas was restored to the position of a recently convicted felon, eligible to pursue a form of direct review in the Court of Criminal Appeals. Id.

On appeal the Fifth Circuit considered whether, as a corollary to the revival of Salinas's right to file a PDR, the AEDPA's one-year statute of limitations had not yet run on his petition. Id. at 429. Salinas argued his conviction was "de-finalized," and the statute of limitations – though legitimately initiated in August 2000 – should be deemed to have begun again with the rejection of the PDR in January 2003. Id.

The Fifth Circuit disagreed, stating the AEDPA provides for only a linear limitations period, one that starts and ends on specific dates, with only the possibility that tolling will expand the period in between. Id. (citing § 2244(d)(1),(2)). The court continued, "[s]o long as the petitioner is being held pursuant to the same state court judgment, nothing in AEDPA allows for a properly initiated limitations period to be terminated altogether by collateral state court action." Id. at 429-30. The court framed the issue as, not whether the Court of Criminal Appeals' action revitalized Salinas's limitation period, but rather whether the existence of that potential relief prevents the limitations period from starting to run until after that level of appeal has been denied. Id. at 430. Stated differently, the court considered whether, in Texas, the mechanism by which Salinas obtained the

right to file an "out-of-time" PDR is part of the direct or collateral review process. Id. The court explained that if the relief comes as a result of direct review, there would be no basis for limitations even to begin running until the Court of Criminal Appeals has finalized the judgment by declining to grant relief on that level of appeal. Id. The court continued that if, on the other hand, an out-of-time PDR is awarded only as a result of the collateral review process, limitations is tolled merely while the petitioner seeks to obtain that relief. Id. After reviewing the relevant state law, the court concluded that the Court of Criminal Appeals is authorized to grant an out-of-time PDR only through state habeas proceedings. Id. "As a result, when a petitioner convicted in the Texas system acquires the right to file an 'out-of-time' PDR, the relief tolls AEDPA's statutes of limitations until the date on which the Court of Criminal Appeals declines to grant further relief, but it does not require a federal court to restart the running of AEDPA's limitations period altogether." Id.

In Petitioner's case, his conviction became final on November 2, 2002, at the conclusion of the time during which he could have filed a timely PDR. Petitioner's first state application for habeas corpus relief filed on March 19, 2003, tolled the limitations period. At the time Petitioner filed his first state application, 137 days had run on the one-year limitations period. Even if this Court tolled the limitations period from the time Petitioner filed his first state application for habeas corpus relief until the Supreme Court denied Petitioner's petition for writ of certiorari, his federal application would still be time-barred. At the time the Supreme Court denied Petitioner's petition for writ of certiorari on May 16, 2005, only 228 days remained of the one-year limitations period. Therefore, for Petitioner's federal application to be considered timely under this most generous tolling approach, it needed to be filed on or before December 30, 2005.

Petitioner did not execute his federal application for habeas corpus relief until November 9, 2006.  Petitioner's second state application for habeas corpus relief filed on April 27, 2006, did not operate to toll the limitations period, because it was also filed after the limitations period had expired.  Pursuant to Salinas, the Court cannot restart the running of the limitations period on the basis that Petitioner obtained the right to file an out-of-time PDR, because under Texas law an out-of-time PDR is awarded only as a result of the collateral review process.  Accordingly, Petitioner's federal application for habeas corpus relief is time-barred.

The record does not reflect that any unconstitutional state action impeded Petitioner from filing for federal habeas corpus relief prior to the end of the limitations period.  Furthermore, Petitioner has not shown that he did not know the factual predicate of his claims earlier.  Finally, the claims do not concern a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review.

### III.  RECOMMENDATION

It is recommended that Respondent's Motion to Dismiss be granted and Petitioner's application for writ of habeas corpus be dismissed as time-barred.

### IV.  OBJECTIONS

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections. Battles v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within ten (10) days after the party is served with a copy of the Report shall

bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140, 150-153, 106 S. Ct. 466, 472-74 (1985); Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 24th day of April, 2007.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE