# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

**PETE GUTIERREZ,**

      **Petitioner,**

**-vs-**                **Case No.  A-06-CA-917-SS**

**RICK THALER, Director, Texas Department of
Criminal Justice–Correctional Institutions
Division,**

      **Respondent.**

─────────────────────────────────────

# O R D E R

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause,
specifically Pete Gutierrez ("Gutierrez")'s Petition for Writ of Habeas Corpus under 28 U.S.C. §
2254 [#1], the Respondent's Answer [#37], Gutierrez's Reply to Respondent's Answer [#38], the
Report and Recommendation of the Magistrate Judge [#40], and Gutierrez's objections [#42].

All matters in this case were referred to the Honorable Andrew Austin, United States
Magistrate Judge, for report and recommendation pursuant to 28 U.S.C. §636(b) and Rule 1(e) of
Appendix C of the Local Court Rules of the United States District Court for the Western District of
Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges, as amended,
effective December 1, 2002.  On May 19, 2011, the Magistrate Judge issued his report and
recommendation that Gutierrez's petition for writ of habeas corpus be denied.  Gutierrez filed written
objections to the Magistrate Judge's report and recommendation, and thus the Court reviews the
report and recommendation *de novo*.  28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de
novo determination of those portions of the report or specified proposed findings or

recommendations to which objection is made."). Having reviewed the petition, the answer, the reply to the answer, the report and recommendation, the objections, the applicable law, and the case file as a whole, the Court ACCEPTS the Magistrate Judge's report and recommendation.

## Background

### I.    Procedural History

The Respondent has custody of Gutierrez pursuant to a judgment and sentence of the 331st Judicial District Court of Travis County, Texas, in cause number 995317, styled *State of Texas v. Pedro Edwardo Gutierrez Alias Pete Gutierrez*. Gutierrez was charged with murder to which he entered a plea of not guilty to a jury.  C.R. 8-11.[1] The jury found Gutierrez guilty as charged, and on February 16, 2001, the jury assessed a fifty-year sentence. *Id.* at 8.

Gutierrez's conviction was affirmed on August 30, 2002, and the subsequent motion for rehearing was overruled on October 3, 2002. *Gutierrez v. State*, 85 S.W.3d 446 (Tex. App.–Austin, 2002, pet. ref'd). Gutierrez filed a state petition for writ of habeas corpus on March 19, 2003, seeking permission to file an out-of-time petition for discretionary review ("PDR"). The Texas Court of Criminal Appeals granted relief on September 10, 2003. *Ex parte Gutierrez*, Appl. No. 56,526-01, 2003 WL 22097232 (Tex. Crim. App. Sept. 10, 2003). Gutierrez filed his PDR on January 2, 2004, and the Texas Court of Criminal Appeals refused the PDR on March 24, 2004. *Gutierrez v. State*, No. 1664-03 (Tex. Crim. App. 2004). Petitioner subsequently filed a petition for writ of certiorari with the Supreme Court, which was denied on May 16, 2005. *Gutierrez v. Texas*, 544 U.S. 1034 (2005).

---

[1] C.R. [#] indicates a reference to the state Clerk's Record. [#] R.R. [#] indicates citation to a particular volume of the Reporter's Record and Supp. R.R. [#] is a citation to the Supplemental Reporter's Record.

Gutierrez filed a second state petition for writ of habeas corpus on April 27, 2006. The Texas Court of Criminal Appeals denied the petition without written order on October 25, 2006. *Ex parte Gutierrez*, Appl. No. 56,526-02. On November 15, 2006, the Court received Gutierrez's federal petition for writ of habeas corpus. On June 29, 2007, the Court dismissed it as time-barred pursuant to *Salinas v. Dretke*, 354 F.3d 425 (5th Cir. 2004), concluding Gutierrez's out-of-time PDR did not reinstate the direct review process for purposes of resetting the federal limitations period. Following the dismissal and while the case was on appeal, the Supreme Court held that when "a state court grants a criminal defendant the right to file an out-of-time direct appeal during state collateral review, but before the defendant first sought federal habeas relief, his judgment is not yet 'final' for purposes of" the one-year limitations period. *Jimenez v. Quarterman*, 555 U.S. 113, 121 (2009). Accordingly, the Fifth Circuit Court of Appeals vacated the Court's judgment and remanded for further proceedings. *Gutierrez v. Thaler*, No. 07-50857, 2010 WL 1811881 (5th Cir. May 6, 2010).

## II.    Factual Background

This Court adopts the facts of the case as summarized by the Third Court of Appeals.

On October 31, 1999, [Pete Gutierrez] hosted a Halloween party at his residence. [Keith] Watson, accompanied by his friend Paul Davies, arrived at the party around 10:00 p.m. Witnesses testified that at some point Watson engaged in a verbal altercation with a party guest inside appellant's home. There was no physical contact between Watson and the guest, nor were weapons drawn. Appellant asked Watson to leave. There was testimony that Watson did not want to leave because he resented being blamed for the altercation. Witnesses testified that Watson's friends were successful in encouraging him to leave the party and that they began walking toward their car.

As Watson was leaving, appellant went to the front yard of his home where he confronted Watson. Witnesses heard appellant ask Watson if he wanted to go "one-on-one," meaning that appellant asked Watson if he wanted to fight. Watson took off his shirt. There was no indication that he was carrying a weapon. Appellant and Watson began punching one another. Appellant pulled a knife from his back pocket

and began waving it at Watson. Appellant stabbed Watson in the chest, puncturing his heart and killing him. There was testimony that witnesses did not realize Watson had been stabbed until he tried to scream and then fell to the ground. Appellant ran into his house, took off his shirt, and hid it in his couch. Appellant threw the knife away, and it was never recovered.

When first questioned about the event, appellant denied that he was involved in a physical confrontation with Watson and blamed Watson's death on an unknown Hispanic male. After being confronted with information gathered from other witnesses, appellant admitted he stabbed Watson.

. . .

Appellant admitted to stabbing Watson, and numerous witnesses testified they observed appellant stab Watson. Although appellant claims he acted in self-defense, Watson was not in possession of a weapon, nor had he threatened appellant with deadly force. An autopsy of Watson's body revealed that he had defensive wounds on his hands and stab wounds in his back.

*Gutierrez*, 85 S.W.3d at 450.

## Gutierrez's Grounds for Relief

Gutierrez raises the following grounds for relief:

1.     Gutierrez was denied effective assistance of counsel by his trial counsel's failure to move for a continuance rather than a mistrial when alleged *Brady* material was disclosed after jury selection. Pet. [#1] at 7 (Claim 1).

2.     Gutierrez was denied effective assistance of counsel by his trial and appellate counsel's failure to properly support the *Brady* violation contention presented by a motion for new trial by adequately investigating, interviewing, and subpoenaing material defense witnesses. Pet. [#1] at 7, 8e (Claims 2 & 9c).

3.     The trial court erred in denying the motion for new trial based on the *Brady* contention because the evidence was impeachment evidence related to the victim and would have served as mitigating evidence in relation to self-defense and punishment. Pet. [#1] at 8 (Claim 4).

4.     The prosecutor withheld exculpatory impeachment evidence, in violation of *Brady,* impairing Gutierrez's ability to present his theory of self-defense. Pet. [#1] at 8f (Claim 10).

5.      A due-process violation was created by the prosecutor serving as a witness at the new trial hearing on the disclosure of the *Brady* material and giving closing argument at the hearing. Pet. [#1] at 7 (Claim 3).

6.      The trial court violated the Confrontation Clause by allowing the prosecution to present police narrative hearsay regarding two alleged eye witnesses (Yadira Gutierrez and Roberto Ellis) who were not called to testify. Pet. [#1] at 8a (Claim 5).

7.      The trial court erred by allowing the prosecution, over objection, to introduce extraneous offenses and bad acts by Gutierrez into evidence and not giving the requested limiting instruction to the jury. Pet. [#1] at 8c (Claim 6).

8.      The trial court denied Gutierrez due process and a fair trial by not permitting the introduction of evidence of the victim's earlier, extraneous offense of carrying a knife. Pet. [#1] at 8d (Claim 7).

9.      The trial court denied Gutierrez due process and a fair trial by not allowing defense counsel to advance the defense of self-defense. Pet. [#1] at 8d (Claim 8).

10.     Gutierrez was denied effective assistance of counsel on appeal by his appellate counsel's failure to:

  a.      raise a Confrontation Clause issue in relation to cross-examination of prosecution witness Paul Davies about the victim's prior bad acts of violence, Pet. [#1] at 8e (Claim 9a); and

  b.      raise a due process issue based on a conflict of interest stemming from the prosecutor's participation in the hearing for the motion for new trial as a witness regarding the alleged *Brady* material, Pet. [#1] at 8e (Claim 9b).

**Analysis**

## I.     The Antiterrorism and Effective Death Penalty Act of 1996

As the Magistrate Judge explained, the statutory authority of federal courts to issue habeas corpus relief for persons in state custody is defined by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Section 2254(d) states:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that

was adjudicated on the merits in State court proceedings unless the adjudication of the claim–

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). By its terms, § 2254(d) bars relief on any claim "adjudicated on the merits" in state court, subject only to the exceptions in § 2254(d)(1) and (d)(2). *See, e.g., Harrington v. Richter*, 131 S. Ct. 770, 780-81 (2011). Federal habeas relief may not be granted for claims subject to § 2254(d) unless the state habeas court's decision "was contrary to" federal law then clearly established by holdings of the Supreme Court, 28 U.S.C. § 2254(d)(1), "involved an unreasonable application of" such law, 28 U.S.C. § 2254(d)(1), or "was based on an unreasonable determination of the facts" in light of the record before the state court, 28 U.S.C. § 2254(d)(2).

In *Williams v. Taylor*, the Supreme Court explained the "contrary to" and "unreasonable application" provisions of § 2254(d)(1):

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

529 U.S. 362, 412-13 (2000). Section 2254(d)(2) precludes relief on any claim that was adjudicated on the merits in state-court proceedings unless the state-court decision was "based on an unreasonable determination of the facts in light of the evidence presented in the State court." 28 U.S.C. § 2254(d)(2). Moreover, factual determinations are presumed to be correct, although a

petitioner can rebut this presumption with clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1).

## II. Application

This Court finds nothing unreasonable in the state court's application of clearly established federal law or in its determination of facts in light of the evidence, as discussed below.

### A. Ineffective Assistance of Trial Counsel Based on Lack of Motion for Continuance (Claim 1)

Gutierrez argues he was denied effective assistance of trial counsel by his counsel's failure to move for a continuance when alleged *Brady* material was not disclosed until after jury selection. Pet. [#1] at 7. Gutierrez argues his trial counsel was ineffective by moving for a mistrial but failing to move for a continuance, when the prosecution waited until after jury selection to disclose the "handle-by" records of the victim.[2] *Id.* Gutierrez contends the handle-by records included exculpatory or mitigating evidence of the victim's violent character and prior criminal history involving violent acts. *Id.*

As the Magistrate Judge explained, ineffective assistance of counsel claims are analyzed under the well-settled requirements set forth in *Strickland v. Washington*, 466 U.S. 668 (1984).

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant can make both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

---

[2] The Third Court of Appeals explained that "handle-bys" are police incident reports available through local police databases that include the names of individuals involved in any capacity, including, for example, witnesses, victims, and suspects. *See Gutierrez*, 85 S.W.3d at 451 n.1; *see also* Supp. R.R. at 152-53.

*Id.* at 687.

In deciding whether counsel's performance was deficient, the Court applies a standard of objective reasonableness, keeping in mind that judicial scrutiny of counsel's performance must be highly deferential. *Id.* at 686-89. As the Court in *Strickland* noted, "[b]ecause of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* at 689. (quotation and citation omitted). Ultimately, the focus of the inquiry must be on the fundamental fairness of the proceedings whose result is being challenged. *Id.* at 695-97.

Accordingly, in order to prevail on a claim of ineffective assistance of counsel, a habeas petitioner must show that: (1) counsel's representation fell below an objective standard of reasonableness; and (2) there is a substantial likelihood that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* at 687. Because a convicted defendant must satisfy both *Strickland* requirements to demonstrate ineffective assistance, a failure to establish either deficient performance or prejudice makes it unnecessary to consider the other requirement. *Id.* at 697; *Black v. Collins*, 962 F.2d 394, 401 (5th Cir. 1992).

Gutierrez fails to demonstrate the necessary prejudice for his claim. He does not show a reasonable probability that the result of the proceeding would have been different if a request for a continuance had been made. *See* Pet. [#1] at 7. Thus, he fails to satisfy his burden under *Strickland*. In the report and recommendation, the Magistrate Judge correctly noted Gutierrez cannot show he was prejudiced for several reasons. First, Gutierrez cannot demonstrate there is a reasonable

probability a motion for continuance would have been granted. *See* Report [#40] at 11-12. Second, even if the motion were granted, Gutierrez fails to show witnesses could have been located to testify that Waston, the victim, had a violent character. *See id.* at 12-13. Finally, even if the motion were granted *and* witnesses could have been located to testify, Gutierrez fails to show the outcome of the proceeding would have differed. *See id.* at 13. In fact, Gutierrez could not have made this showing even if he had attempted to do so.

This is because the violent character of Watson, if proven, would not show Watson used or attempted to use deadly force, an element of Gutierrez's claim of self-defense under the Texas Penal Code. The Texas Penal Code provides, a "person is justified in using force against another when and to the degree the actor reasonably believes the force is immediately necessary to protect the actor against the other's use or attempted use of unlawful force," but not "in response to verbal provocation alone." TEX. PENAL CODE § 9.31(a), (b)(1). Moreover, the Code states deadly force is justified

> if the actor would be justified in using force against the other under Section 9.31; and when and to the degree the actor reasonably believes the deadly force is immediately necessary: to protect the actor against the other's use or attempted use of unlawful deadly force; or to prevent the other's imminent commission of aggravated kidnaping, murder, sexual assault, aggravated sexual assault, robbery, or aggravated robbery.

*Id.* at § 9.32. Therefore, using deadly force in self-defense is only appropriate in response to another person's use or attempted use of unlawful deadly force.

Here, Gutierrez wanted the motion for continuance to be granted so he could introduce witnesses to testify regarding Watson's violent character. *See, e.g.,* 4 R.R. at 119, 121. None of these witnesses were going to testify about whether Watson used or attempted to use unlawful deadly force

-9-

at the time of the incident. *See id.* In fact, other than Gutierrez's testimony, no testimony or evidence suggested the fight started when Watson charged Gutierrez or showed a weapon. Rather, all of the other witnesses testified Gutierrez charged the victim. *See, e.g.,* Supp. R.R. at 173, 217. Gutierrez produced no evidence to show Watson used or attempted to use deadly force against him. For this reason, Gutierrez's self-defense theory necessarily failed, and none of the witnesses Gutierrez wanted to testify could have strengthened this self-defense theory. Gutierrez fails to show that even if the motion for continuance had been granted *and* the witnesses testified Watson had a violent character, he could have succeeded on his self-defense theory. Therefore, Gutierrez fails to show he suffered prejudice as result of trial counsel's failure to urge a motion for continuance.

Even the trial court rejected the possibility that additional handle-by witnesses' testimony regarding Watson's character would have changed the jury's verdict or sentence. At the hearing on the motion for new trial, the trial court observed the absence of the handle-by material did not prejudice Gutierrez.

> I don't think [the material] was exculpatory. I don't think a lot of that evidence is exculpatory, number one. You know, [trial counsel's] testimony about how, well, this would have helped him on the guilt/innocence portion, I just don't think that's true. You know, he has the defendant go up and testify that the victim charged him. He's the only guy that testified to that. Everybody else, including the defendant's friends and his family members, everybody to a person testified that the defendant charged at and, you know, got in a fight with the victim after the victim had verbally provoked him and said, okay, let's get on it and all that kind of thing. You know, verbal provocation is not a defense in an assault case or anything like that. And, you know, he can stand there and say as many things as he wanted to, but the defendant was not entitled to charge him and attack him, which is what all the evidence showed, all the credible evidence.

Supp. R.R. at 74-75. The trial court makes clear that additional testimony from the handle-bys could not have changed the outcome of the trial. Therefore, the failure to urge the motion could not have resulted in prejudice.

Because a convicted defendant must satisfy both *Strickland* requirements, a failure to establish either deficient performance or prejudice precludes habeas relief. *Strickland*, 466 U.S. at 693, 697. Here, Gutierrez failed to established prejudice, so habeas relief is precluded. The state court's application of clearly established federal law and its determination of facts in light of the evidence were not unreasonable. Accordingly, 28 U.S.C. § 2254 bars habeas relief on Gutierrez's claim he received ineffective assistance of trial counsel.

In his objections, Gutierrez contends the Magistrate Judge applied the wrong standard of review to his ineffective assistance of counsel claims. Gutierrez states, "[t]he issue is not whether petitioner would have actually gained a continuance had counsel moved the trial court for a continuance but rather is [there] a 'reasonable probability' he would have been granted a continuance had counsel moved the trial court." Pet. Obj. [#42] at 2. In this objection, Gutierrez is correct that the second prong of the *Strickland* standard is a "reasonable probability" standard. But the standard requires there to be a "reasonable probability that, but for counsel's unprofessional errors, the result *of the proceeding* would have been different." *Strickland*, 466 U.S. at 694 (emphasis added). This means Gutierrez must show there is a reasonable probability the result of the entire proceeding, or the entire trial, would have been different but for counsel's alleged errors. Gutierrez, instead, attempts to show only that the outcome of the specific motion for continuance would have been different but for counsel's errors. This is not sufficient under *Strickland*. Because Gutierrez misunderstands the standard of *Strickland,* his objections in this regard are denied.

**B.** **Ineffective Assistance of Trial and Appellate Counsel for Failure to Investigate, Interview, and Subpoena Potential Witnesses for Motion for New Trial Hearing (Claims 2 & 9c)**

Gutierrez contends he was denied effective assistance of counsel because of his trial counsel and appellate counsel's failure to properly support the *Brady* violation contention presented by the motion for new trial.[3] Pet. [#1] at 7, 8d. Specifically, he contends trial and appellate counsel did not adequately investigate, interview, and subpoena potential material defense witnesses to support the motion. *Id*.

As the Magistrate Judge explained, the *Strickland* standard for ineffective assistance of trial counsel also applies to claims of ineffective assistance of appellate counsel. *See Smith v. Robbins*, 528 U.S. 259, 764 (2000) (explaining that *Strickland* provides standards for evaluating appellate counsel). To demonstrate deficiency on the part of appellate counsel, a petitioner must show that counsel "fail[ed] to find arguable issues to appeal–that is, that counsel unreasonably failed to discover nonfrivolous issues and to file a merits brief raising them." *Smith*, 528 U.S. at 286. Appellate counsel "need not (and should not) raise every nonfrivolous claim, but rather may select among them in order to maximize the likelihood of success on appeal." *Id.* at 288. Thus, it is possible that an ineffectiveness claim may be "based on counsel's failure to raise a particular claim, but it is difficult to demonstrate that counsel was incompetent." *Id.* (citing *Gray v. Greer*, 800 F.2d 644, 646 (7th Cir. 1986)). Additionally, appellate counsel's failure to raise particular issues on appeal does not deprive an appellant of effective assistance of counsel when the petitioner does not show

---

[3] Gutierrez's trial counsel filed the original motion for new trial and his subsequently hired appellate counsel filed an amended motion for new trial. C.R. 131-43. Gutierrez complains about both attorneys' performance in relation to the new trial request.

the existence of any trial errors with arguable merit. *Hooks v. Roberts*, 480 F.2d 1196, 1198 (5th Cir. 1973).

Under the second *Strickland* prerequisite, appellate counsel becomes ineffective only when counsel's errors are prejudicial, that is, when there is a reasonable probability that, but for the error, the ultimate result would have been different. To demonstrate prejudice, a petitioner must show that, but for appellate counsel's deficient performance, he would have prevailed on appeal. *Smith*, 528 U.S. at 286.

Since the briefing on Gutierrez's petition was filed, the Fifth Circuit Court of Appeals issued a decision in *McAfee v. Thaler*, recognizing a Sixth Amendment right to the assistance of counsel at the motion-for-new-trial stage of proceedings (the post-trial, pre-appeal period) in Texas. 630 F.3d 383, 393 (5th Cir.), *pet. for cert. filed*, – U.S.L.W. – (U.S. May 3, 2011) (No. 10- 10273). The Fifth Circuit also held its decision did not announce a new constitutional rule of law whose application would be barred by the *Teague* doctrine, but it instead recognized "an old rule–the right to the assistance of counsel at critical stages of a proceeding–to new facts." *Id.* at 392 n.8.

Even with the *McAfee* decision, Gutierrez's claims of ineffective assistance of trial and appellate counsel on this point fail because he does not and cannot show prejudice, or a reasonable probability the outcome would have been different, as required by *Strickland*. For the reasons discussed in Section II.A., the outcome of the proceeding would not have been different as a result of the handle-by witnesses and their testimony at the hearing on the motion for new trial. This is because the handle-by witnesses could not testify regarding the victim's use or attempted use of deadly force, which is required for Gutierrez's self-defense theory under Texas law. *See supra* Section II.A. In short, Gutierrez fails to demonstrate the state court's rejection of his claims of

ineffective assistance of trial and appellate counsel in relation to the new trial hearing was an unreasonable application of clearly established federal law. Gutierrez's habeas claims on these grounds should be denied.

In his objections, Gutierrez contends the Magistrate Judge applied the wrong standard of review to his claims of ineffective assistance of appellate counsel. Guiterrez states, "[t]he issue is not actual prejudice or [whether] the outcome of the trial would have been different but rather is there a 'reasonable probability' of prejudice adequate to undermine confidence." Pet. Obj. [#42] at 3. Again, Gutierrez is correct that the second prong of the *Strickland* standard is a "reasonable probability" standard. But the standard requires there to be a "reasonable probability that, but for counsel's unprofessional errors, the result *of the proceeding* would have been different." *Strickland*, 466 U.S. at 694 (emphasis added). Showing that, but for counsel's error, more handle-by witnesses could have testified regarding the victim's violent character is insufficient. Instead, Guiterrez had to show that, but for counsel's error, the result of the trial would have been different. For the reasons discussed in Section II.A., Guiterrez cannot make this showing. Therefore, Gutierrez's habeas claims on these grounds are denied.

### C. Denial of New Trial Based on Purported *Brady* Material (Claim 4)

Gutierrez contends the trial court's denial of the motion for new trial based on purported *Brady* material denied him due process because the handle-bys offered mitigating evidence in relation to self-defense and punishment. Pet. [#1] at 8. He disagrees with the trial court's inference that the jury already took into account the victim's non-peaceful character when the jury assessed Gutierrez's sentence at ten years below the maximum sentence. Pet. [#1] at 8; Supp. R.R. at 218.

Although Gutierrez complains about the alleged reasoning behind the trial court's denial of the motion for new trial, he fails to demonstrate the court's rejection of his claim was an unreasonable application of clearly established federal law. In reviewing the state court's judgment, this Court considers the decision of the Third Court of Appeals. When there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the same claim are presumed to rest on the same ground. *Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991). In this case, the Texas Court of Criminal Appeals denied without written order Gutierrez's state habeas application raising this claim. *Ex parte Gutierrez*, Appl. No. 56,526-02, at cover. Because the Third Court of Appeals issued the last reasoned opinion on the matter, this Court considers the Third Court of Appeals decision.

On this point, the Third Court of Appeals stated:

[Gutierrez] timely filed a motion for new trial contending, inter alia, that the State suppressed evidence favorable to the accused in violation of Brady, thereby violating [Gutierrez]'s constitutional rights. The district court denied [Gutierrez]'s motion for new trial. By his seventh issue, [Gutierrez] contends this was an abuse of the district court's discretion. *See Lewis v. State*, 911 S.W.2d 1, 7 (Tex. Crim. App. 1995). [Gutierrez] presented argument on his motion for new trial that the district court committed a material error by denying his motion for mistrial for an alleged Brady violation. [Gutierrez] argues that the State's failure to provide the "handle-bys" of [decedent] Watson until ordered by the trial judge the night of voir dire serves as a Brady violation. [Gutierrez] argues that because this information was not provided to him until after trial commenced, his defense was undermined and he was deprived of a fair trial. [Gutierrez] argues that the "handle-bys" confirmed Watson's violent character and the "degree of terror he can strike in his victims." However, in the two months between trial and the hearing on the motion for new trial, [Gutierrez] did not produce any witnesses to substantiate these claims. Therefore we hold that the district court did not abuse his discretion in denying [Gutierrez]'s motion for new trial and overrule [Gutierrez]'s seventh point of error.

*Gutierrez*, 85 S.W.3d at 453.

To prevail on a due process claim brought under *Brady v. Maryland*, 373 U.S. 83 (1963), Gutierrez must show the prosecution: (1) suppressed evidence, (2) that was favorable to the defense, and (3) that was material. *See, e.g., Mahler v. Kaylo*, 537 F.3d 494, 500 (5th Cir. 2008); *see also Strickler v. Greene*, 527 U.S. 263, 281-82 (1999). Evidence is material only if there is "a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *United States v. Bagley*, 473 U.S. 667, 682 (1985); *Banks v. Thaler*, 583 F.3d 295, 311 (5th Cir. 2009).

Applying these principles to this case, the state court did not unreasonably apply clearly established federal law in deciding no *Brady* violation occurred. Gutierrez's *Brady* claim fails because he cannot show the handle-by evidence satisfied the test for materiality. As discussed in Section II.A., Gutierrez assumes the handle-by evidence regarding the victim's character would have justified an otherwise unsupported theory that the victim attacked Gutierrez. As the state trial court explained, possibly favorable testimony from unidentified, hypothetical witnesses developed from the handle-by material simply would not have altered the jury's verdict or sentence. *See* Supp. R.R. at 74-75, 76-77. The testimony simply could not have supported Gutierrez's self-defense theory.

Based on the record, the handle-by material does not "put the whole case in such a different light as to undermine confidence in the verdict." *Kyles*, 514 U.S. at 435. Therefore, the state court's denial of habeas relief on the *Brady* claim was not contrary to clearly established federal law, nor was it based on an unreasonable determination of the facts in light of the evidence. 28 U.S.C. § 2254(d). The petition is denied as to this claim as well.

### D.    *Brady* Violation & Effect on Self-Defense (Claim 10)

Gutierrez contends the prosecutor's disclosure of the handle-bys after jury selection withheld exculpatory impeachment evidence, in violation of *Brady,* impairing his ability to present a theory of self-defense that the victim was the initial aggressor. Pet. [#1] at 8f-8g.

In addressing this contention, the Magistrate Judge states Gutierrez's claim is procedurally barred from federal review because he failed to properly raise a contemporaneous objection to the prosecution's disclosure of the material after jury selection. *See* Report [#40] at 22-23. In his objections, Gutierrez recognizes some inconsistency in this conclusion. *See* Pet. Obj. [#42] at 5. Gutierrez notes the Magistrate Judge procedurally bars his claims for failure to file a continuance or to raise an objection to the disclosure of the handle-by material after jury selection. *See* Report [#40] at 22-23. In Section II.A. of the report and recommendation, on the other hand, the Magistrate Judge concludes counsel was not ineffective for failing to raise a motion for continuance regarding the handle-by material. *See id.* at 8-14.

Despite this inconsistency, this Court still agrees with the Magistrate Judge's ultimate conclusions on these issues. This Court agrees with the analysis in Section II.A. of the report and recommendation: Gutierrez failed to show the necessary prejudice of counsel's failure to raise a motion for continuance regarding the handle-by material. *See* Report [#40] at 8-14. Because Gutierrez could not make such a showing, his habeas claims must be denied under the *Strickland* standard. In addition, Gutierrez's *Brady* violation claim also fails. This claim fails because, even if the prosecutor had not violated *Brady*, the testimony of the handle-bys would not have improved Gutierrez's self-defense theory. In other words, even if the prosecutor had disclosed the handle-by material before jury selection, Gutierrez still could not have succeeded on his self-defense theory.

As discussed, this is because the use of deadly force is only justified under a self-defense theory if the victim first used or attempted to use deadly force. *See supra* Section II.A. The handle-by witnesses could not have testified to this question of fact. Therefore, the prosecutor's *Brady* violation was harmless error because the withheld evidence would not have changed Gutierrez's self-defense theory. Therefore, the *Brady* violation claim is denied.

### E.     Prosecutor Conflict of Interest (Claim 3)

Gutierrez asserts a conflict of interest was created when Assistant District Attorney Gary Cobb testified on the disclosure of the *Brady* material in the motion for new trial hearing. Pet. [#1] at 7, 8e. Gutierrez also asserts a conflict of interest was created when Cobb assisted another assistant district attorney by giving closing argument after being disqualified. *Id.*

As the Magistrate Judge noted, Gutierrez does not demonstrate a conflict of interest implicating a constitutional error, nor does he show the necessary prejudice. He fails to allege, much less demonstrate, a specific conflict of interest embodied in Assistant District Attorney Cobb's role in testifying regarding the late disclosure of the purported *Brady* material and in delivering closing argument in the same hearing. Instead, Gutierrez simply describes what happened at the hearing for the motion for new trial. Pet. [#1] at 7, 8e. This claim for habeas relief fails to show the necessary prejudice to make out a claim. S*ee, e.g., Riddle v. Cockrell*, 288 F.3d 713, 721 (5th Cir. 2002) (noting that a conflict of interest must have prejudiced a petitioner's substantive rights in order to serve as a basis for habeas relief). The state court's denial of this claim was not an unreasonable application of clearly established federal law.

In his objections, Gutierrez contends the Magistrate Judge should have applied the *Strickland* standard to this claim. Pet. Obj. [#42] at 4. In this objection, Gutierrez assumes this conflict of

interest claim was an ineffective assistance of counsel claim, which warrants the application of *Strickland*. This assumption is incorrect. Instead, this claim, which is ground three in the original petition, was a claim against the trial court for allowing the prosecutor to assist the assistant prosecutor and present closing argument. Pet. [#1] at 7. This was not a claim of ineffective assistance of counsel, but rather a claim the trial court did nothing to prevent Cobb from creating a conflict of interest. Therefore, the *Strickland* standard, which applies to ineffective assistance of counsel claims, does not apply here. Gutierrez's objections on this issue are denied.

### F.     Confrontation Clause Violation Based on Police Hearsay (Claim 5)

Gutierrez also contends his rights under the Confrontation Clause of the Sixth Amendment were violated when Officers James Harrell and Mark Spangler presented hearsay statements of Roberto Ellis and Gutierrez's wife, Yadira Gutierrez. Pet. [#1] at 8a-8c. As the Magistrate Judge explained, the Confrontation Clause of the Sixth Amendment provides: "In all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." U.S. CONST. amend. VI. In *Crawford v. Washington*, the Supreme Court held the Confrontation Clause barred the "admission of testimonial statements of a witness who did not appear at trial unless he was unavailable to testify and the defendant had had a prior opportunity for cross-examination." 541 U.S. 36, 53-54 (2004).

In this case, Gutierrez's claim lacks merit. Even assuming a Confrontation Clause violation occurred, any error was harmless and cannot serve as a basis for habeas relief. On habeas review under AEDPA, the prejudice of constitutional error in a state-court criminal trial is measured by the "substantial and injurious effect" standard of *Brecht v. Abrahamson*, 507 U.S. 619 (1993). An error

is sufficiently prejudicial only when it had a "substantial and injurious effect or influence in determining the jury's verdict." *Id.* at 623.

Here, the testimony at issue did not inculpate Gutierrez. Officer Harrell testified Ellis stated he was standing inside when the stabbing occurred, but noted the blood spray on his clothing contradicted that statement. 3 R.R. at 34-36, 38, 40. Officer Harrell also testified that when he asked Ellis who stabbed Watson, Ellis simply responded that he was afraid of retaliation and did not name an assailant. *See id.* at 38, 41. Moreover, Officer Spangler testified Mrs. Gutierrez confirmed her husband's story, 3 R.R. at 89, that an unknown Hispanic male was the assailant: "she was told that it was a Hispanic male that had been involved in the disturbance earlier, inside the house, and that that was the one who had stabbed [Mr. Watson]." *Id.* at 92-93, 90-91. Officer Spangler also testified Ms. Gutierrez indicated her husband "was not involved in the fight in any way," denied she restrained her husband in a fight between Gutierrez and Watson, and stated she "had only heard about the fight [between the unknown Hispanic male and Mr. Watson] and then came outside to see it, after it had already took place." *Id.* at 91-93. In sum, this evidence did not inculpate Gutierrez.

Any possible error is also rendered harmless by the overwhelming evidence of the perpetrator's identity and the ample evidence supporting a verdict of guilt. Indeed, the only real issue in contention at trial was whether Gutierrez supported a theory of self-defense, a theory that did not involve the challenged testimony. Any error was harmless under *Brecht,* 507 U.S. 619 (1993). For these reasons, the state court's rejection of this habeas claim did not constitute a decision contrary to clearly established federal law or an unreasonable application of federal law. *See* 28 U.S.C. § 2254(d)(1). Gutierrez's claim for relief on this point should be denied.

In his objections, Gutierrez contends the Magistrate Judge erred in applying the "substantial and injurious effect" standard of *Brecht* to his Confrontation Clause claims. Pet. Obj. [#42] at 3-4. Gutierrez claims the Magistrate Judge should have applied the *Strickland* "reasonable probability" standard because this was an ineffective assistance of counsel claim. *Id.* at 4. This Court disagrees. In his original petition, Gutierrez raised the Confrontation Clause claim as a claim against the trial court. Pet. [#1] at 8a. In his fifth ground of error, Gutierrez claimed the trial court denied him due process and denied him a fair trial in violation of the Confrontation Clause when it allowed the state to present hearsay regarding two eye witnesses. *Id.* This was not an ineffective assistance of counsel claim. Therefore, the ineffective assistance of counsel standard under *Strickland* is not applicable, and Gutierrez's objections in this regard are denied. Even if it were an ineffective assistance of counsel claim, it would be denied for the same reasons discussed in Section II.A. above.

### G. Limiting Instruction Regarding Gutierrez's Extraneous Offenses and Bad Acts (Claim 6)

Gutierrez contends he was deprived of due process and denied a fair trial by a ruling allowing the prosecution, over objection, to introduce offenses and bad acts committed by Gutierrez, and by the trial judge not giving a requested limiting instruction to the jury. Pet. [#1] at 8c.

As the Magistrate Judge explained, Texas law permits extraneous offense evidence if it "is relevant to a noncharacter conformity fact of consequence in the case, such as rebutting a defensive theory." *Powell v. State*, 63 S.W.3d 435, 438 (Tex. Crim. App. 2001). "As a general rule, the defensive theory that the State wishes to rebut through the use of extraneous offense evidence must be elicited on direct examination by the defense and may not by elicited by 'prompting or

maneuvering' by the State." *Wheeler v. State*, 67 S.W.3d 879, 885 (Tex. Crim. App. 2002) (quotation and citation omitted).

In this case, after Gutierrez testified on direct examination that Watson swung at him first, the prosecution questioned Gutierrez outside the presence of the jury about various unrelated incidents. Specifically, the prosecution questioned him about the following: two assaults on his wife, his enrollment in anger management classes, "being in trouble for stolen cars and dope and marijuana, for assault and family violence," pulling out a knife and "stabbing the sheets" when he was angry at his wife, and tearing up pictures of them together. 4 R.R. at 234-38. The prosecution also obtained his admissions about "maybe" two fights he was involved in as an adult and that his hands swell when he fights. *Id.*

The trial court heard argument and considered at length whether Gutierrez's extraneous offenses were admissible. *See id.* at 239-71. Ultimately, the trial court concluded only certain offenses and acts were admissible for the limited purpose of rebutting the defense theory that the victim attacked Gutierrez. The trial court explained:

> [T]he general rule that they set forth in [*Halliburton v. State*, 528 S.W.2d 216 (Tex. Crim. App. 1975)] is, in determining whether evidence of extraneous offense[s] is admissible, the ultimate question is whether extraneous offenses tends to disprove Defendant's explanation of the primary offense. The Defendant's explanation of the primary offense in the case at bar is that he was attacked by the deceased, not that he attacked, but that he was attacked by the deceased and that the deceased hit him first. And only in response to that did he draw his knife.
>
> . . . And so all I'm saying is, you know, his description of the event is that he was not the aggressor that day. Now, regardless of the state of the record and regardless of the testimony of other witnesses as to who attacked who and that sort of thing, his testimony is that he was attacked, that he was not the aggressor and that he was attacked.

. . . Therefore, I think that the evidence of other cases, where it was maintained that he was the aggressor–I think evidence of that can come in.

*Id.* at 270-71. Accordingly, the only extraneous offenses and bad acts introduced by the prosecution were the following: two assaults by Gutierrez against his wife in 1995 and 1996; Gutierrez's enrollment in an anger management class related to one of those incidents; and Gutierrez's statement to an officer that he "get[s] in fights a lot" and his hands swell when he fights. *Id.* at 295-97.

The relevant question before the Court is whether the admission of this testimony violated Gutierrez's federal constitutional rights. *See Wood v. Quarterman*, 503 F.3d 408, 414 (5th Cir. 2007). The admission of evidence may violate the Due Process Clause of the Fourteenth Amendment if the evidence is "so unduly prejudicial that it renders the trial fundamentally unfair." *Payne v. Tennessee*, 501 U.S. 808, 825 (1991). The Fifth Circuit has explained, "[a]n extraneous offense may be admitted into evidence without violating the due process clause if the government makes a strong showing that the defendant committed the offense and if the extraneous offense is rationally connected with the offense charged." *Story v. Collins*, 920 F.2d 1247, 1254 (5th Cir. 1991) (quotation and citation omitted). Even if the admission of the evidence was constitutional error, the claim still fails if the petitioner has not shown that the testimony had a "substantial and injurious effect or influence in determining the jury's verdict.'" *Brecht*, 507 U.S. at 637.

Considering the case as presented to the jury in its entirety, Gutierrez has not and cannot demonstrate the admission of these four acts and incidents was either unduly prejudicial, permeated his trial with unfairness, or had a substantial or injurious effect on the jury's determination of its verdict. The other testimony and evidence overwhelmingly supported the prosecution's contention

that the victim was attacked by Gutierrez. Evidence apart from the four acts and incidents independently and conclusively demonstrated Gutierrez was the initial aggressor.

In addition, contrary to Gutierrez's assertion, the trial court did issue a limiting instruction. It directed that only if the jurors "find and believe, beyond a reasonable doubt, that the Defendant participated in such transactions or committed such acts," those extraneous acts could be considered only "for the purpose of determining whether [Gutierrez] was the aggressor on the night in question." 5 R.R. at 9-10. Because the jury was given this limiting instruction, Gutierrez cannot complain about the absence of such an instruction. For these reasons, the state court's denial of habeas relief on this claim was not an unreasonable application of clearly established federal law, and habeas relief from this Court is not authorized under 28 U.S.C. § 2254(d)(1).

### H. Denial of Due Process and Fair Trial (Claims 7 & 8)

Gutierrez contends the trial court denied him due process and a fair trial in two additional ways. Neither contention succeeds.

### 1. Introduction of Victim's Offense of Carrying a Knife (Claim 7)

Gutierrez argues the trial court denied him due process and a fair trial by not permitting evidence of the victim's earlier, extraneous offense of carrying a knife. Pet. [#1] at 8d. He contends this prevented him from presenting evidence to support his theory that the victim was the first aggressor. *Id.* Gutierrez presented this claim to the Texas Court of Criminal Appeals in his state petition for writ of habeas corpus filed April 27, 2006, after he had presented this claim to the Third Court of Appeals on direct appeal. C.R. at 35-36; *Gutierrez*, 85 S.W.3d at 455-56. Because the Texas Court of Criminal Appeals denied this habeas claim without written order, this Court considers the last reasoned decision issued by the Third Court of Appeals, which resolved this claim as follows.

By his tenth point of error, [Gutierrez] contends that the district court erred by refusing to admit evidence that Watson, on an earlier occasion, carried an illegal knife. [Gutierrez] proffered the opinion testimony of Officer Keith Suits that Watson was neither peaceful nor law-abiding. [4 R.R. at 118, 120-22.] The State objected to Suits's testimony on the grounds that because Suits had had only one encounter with Watson, he lacked sufficient knowledge from which to base an opinion. [*Id.* at 118-19, 123.] The State also objected on the grounds that Suits did not observe Watson's behavior and that the probative value of such evidence was substantially outweighed by its prejudicial effect. [*Id.* at 124.] The district court overruled these objections. [*Id.* at 126.] Officer Suits testified that Watson was neither peaceful nor law-abiding. [*Id.* at 141.] On cross-examination, the State asked the following:

> Q: At the time you contacted him, there was some fight at a hotel or something like that–some disturbance at a hotel, correct?
> A: Correct, appeared to be a high school party.
> Q: When you arrived there, he was intoxicated?
> A: Right.
> Q: You placed him under arrest?
> A: Correct.
> Q: That's against the law to be intoxicated in public, correct?
> A: Yes, it is.

[4 R.R. at 141-42.] At a bench conference, [Gutierrez] argued that the State had "opened the door" to testimony that following the arrest, Officer Suits found an illegal knife on Watson's person. [*Id.* at 142.] [Gutierrez] asserted that the State only brought out part of the incident and that he should be able to ask about the weapon. [*Id.* at 142-43.] The district court overruled [Gutierrez]'s objection. [*Id*. at 143.] [Gutierrez] asserts that, pursuant to the rule of optional completeness, he was entitled to question Suits about the details of the offense because the State only brought out part of the offense and it was necessary to inquire further so that the jury could fully understand the offense. *See* TEX. R. EVID. 107. We disagree.

The rule of optional completeness provides in part that when a portion of an act is given in evidence by one party, the whole on the same subject may be inquired into by the other, and any other act which is necessary to make it fully understood or to explain the same may also be given in evidence. TEX. R. EVID. 107. Evidence that is used to fully explain a matter opened by the other party need not be otherwise admissible. *See Parr v. State*, 557 S.W.2d 99, 102 (Tex. Crim. App. 1977). However, the evidence offered for context must be "on the same subject" as the portion already admitted. *See* TEX. R. EVID. 107; *Jernigan v. State*, 589 S.W.2d 681, 694-95 (Tex. Crim. App. 1979). Here, the excluded evidence does not appear to be "on the same subject" of Watson's arrest for public intoxication. It was only after Suits arrested Watson for public intoxication that he discovered Watson was carrying an illegal

knife. The State did not inquire beyond the arrest for public intoxication, and, therefore, did not "open the door" for [Gutierrez] to inquire into the arrest for carrying an illegal knife. [Gutierrez]'s tenth point of error is overruled.

*Gutierrez*, 85 S.W.3d at 456.

Gutierrez fails to raise a constitutional challenge to the Third Court of Appeals's application of Texas Rule of Evidence 107. It is not the role of a federal habeas court to review the state courts' interpretation of the State's own rules of evidence. *See, e.g., Charles v. Thaler,* 629 F.3d 494, 500 (5th Cir. 2011) (noting that federal habeas court's function is not to review a state's interpretation of its own law). Gutierrez has failed to demonstrate how the trial court's evidentiary ruling ran afoul of any specific constitutional right or rendered his trial fundamentally unfair. Therefore, the state court's determination of this habeas claim was not in conflict with clearly established federal law, nor was it based on an unreasonable determination of the facts in light of the evidence. Gutierrez is not entitled to habeas relief on this ground.

### 2. Disallowing Defense of Self-Defense (Claim 8)

Gutierrez argues the trial court precluded his counsel from advancing the defense of self-defense, thereby depriving him of due process and a fair trial. Pet. [#1] at 8d. Yet Gutierrez did present the issue of self-defense through his own testimony and obtained a self-defense instruction in the jury charge. 4 R.R. at 227-33; C.R. at 46-47. Thus, contrary to his claim, the trial court did permit the theory of self-defense and there is no basis for this claim. This point of error fails to provide a basis for habeas relief.

### I. Additional Claims of Ineffective Assistance of Appellate Counsel (Claim 9)

Gutierrez further complains his appellate counsel failed to: (1) properly raise a Confrontation Clause objection to being precluded from cross-examining prosecution witness Paul Davies about

the victim's prior acts of violence; and (2) raise the conflict of interest stemming from the prosecutor's participation in the hearing on the motion for new trial. Pet. [#1] at 8e.

### 1. Ineffective Assistance of Appellate Counsel Based on Failure to Raise a Confrontation Clause Objection (Claim 9a)

Gutierrez claims his appellate counsel was deficient for failing to properly raise a Confrontation Clause objection to the trial court's preclusion of the cross-examination of prosecution witness Paul Davies about the victim's prior bad acts of violence. Pet. [#1] at 8e.

To succeed on a claim of ineffective assistance of appellate counsel, Gutierrez must satisfy the two standards set out in *Strickland*. *See supra* Section II.A. Here, Gutierrez fails to show deficient performance or prejudice under the *Strickland* standard. He argues appellate counsel should have raised a Confrontation Clause objection. Trial counsel, however, failed to make a Confrontation Clause objection. Rather, Gutierrez's trial counsel attempted to elicit testimony regarding the victim's reputation, bad acts, and extraneous offenses under Rules 404 and 405 of the Texas Rules of Evidence. *See* Appellant's Br. at 37, *Gutierrez v. State*, No. 03-01-00345-CR (Tex. App.–Austin, Jan. 18, 2002); 4 R.R. at 31-40. Because trial counsel made no objection under the Confrontation Clause, Gutierrez cannot show appellate counsel was deficient for failing to raise that issue on appeal, or that Gutierrez was prejudiced by that failure. *See* TEX. R. APP. P. 33.1(a)(1); *see also, e.g., Green v. State*, 912 S.W.2d 189, 192 (Tex. Crim. App. 1995).

The state court's determination this claim could not serve as a basis for habeas relief was not an unreasonable application of established federal law, and federal habeas relief based on this ground must also be denied.

## 2.    Failure to Raise Prosecutor Conflict of Interest on Appeal (Claim 9b)

Gutierrez argues appellate counsel was ineffective in failing to raise the issue of a conflict of interest. Pet. [#1] at 7, 8e. As discussed in Section II.E., Gutierrez contends a conflict of interest was created when the prosecutor served as a witness at the new-trial hearing and delivered closing argument. Because the underlying error fails on the merits, *see supra* Section II.E., Gutierrez cannot demonstrate deficiency or prejudice stemming from appellate counsel's failure to raise a meritless issue. *See, e.g., Parr v. Quarterman*, 472 F.3d 245, 256 (5th Cir. 2006) (holding that counsel was not deficient in failing to present a meritless argument). Therefore, the state court's determination was not an unreasonable application of clearly established law, and this claim should also be denied.

## J.    Gutierrez's Objections Regarding the Attached Memorandum of Law

In his objections, Gutierrez contends the Magistrate Judge did not review his "original 2254 petition," its attached memorandum of law, or its index of attachments. Pet. Obj. [#42] at 1. It is unclear what Gutierrez means when he refers to the 2254 petition's memorandum of law and its index of attachments. There are no documents attached to his federal habeas petition. There are several typed pages at the end of Gutierrez's petition where Gutierrez continues listing his grounds for relief. Pet. [#1] at 8a-8g. To the extent this is what Gutierrez is referencing, the Magistrate Judge reviewed these pages because he made specific references to the claims in them. *See, e.g.,* Report [#40] at 24.

It is more likely Gutierrez is referring to the memorandum of law and the index of attachments that follow his second state habeas petition filed April 27, 2006. *See* C.R. 29-116. In fact, the Magistrate Judge concluded Gutierrez's references to a "memorandum of law" in his original federal habeas petition were references to the memorandum of law attached to the state

habeas petition filed April 27, 2006. Report [#40] at 4. In the report and recommendation, the Magistrate Judge cited this memorandum of law that Gutierrez is likely referencing. *Id.* (citing C.R. 39, 41-115).The index of attachments is a single page, C.R. 116, following the memorandum. If Gutierrez is referencing these documents, there is no reason to believe that the Magistrate Judge did not consider them, especially since the Magistrate Judge cited the specific pages of the court record where they can be found. Therefore, Gutierrez's contentions that the Magistrate Judge did not consider this memorandum of law or its index of attachments are unfounded. Further, this Court has reviewed the memorandum of law and the index of attachments and found no information which alters its analysis. For these reasons, this Court denies this objection.

### Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c) (1)(A). Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, effective December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's

underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, reasonable jurists could not debate the denial of Gutierrez's federal petition for writ of habeas corpus on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484). Accordingly, a certificate of appealability shall not be issued.

**Conclusion**

In accordance with the foregoing:

IT IS ORDERED that the Report and Recommendation of the Magistrate Judge [#40] is ACCEPTED.

IT IS FURTHER ORDERED that Petitioner Pete Gutierrez's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 [#1] is DENIED.

SIGNED this the 15th day of August 2011.

_____

SAM SPARKS
UNITED STATES DISTRICT JUDGE